UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENZEL DILLARD, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11 C 3360 |
| SERVICE EMPLOYEES ) | |
| INTERNATIONAL UNION, LOCAL 73, ) | Judge John W. Darrah |
| CTW, CLC, ) | |
| ) | |
|     Defendant. ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Denzel Dillard filed a Complaint against Service Employees

International Union, Local 73, CTW, CLC ("Local 73"), alleging violation of the duty of

fair representation, discrimination in violation of the Americans with Disabilities Act,

discrimination and retaliation in violation of Title VII of the Civil Rights Act. Local 73

has filed a Motion to Dismiss Dillard's Complaint, which, for reasons stated below, is

granted.

## BACKGROUND

The following facts are drawn from Dillard's Complaint and are accepted as true

for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d

759, 763 (7th Cir. 2010).

Plaintiff was an employee of Chicago State University ("CSU"). (Compl. Ex. A

at 3.) Plaintiff has been a member of Local 73 in good standing since June 1997. (*Id.*

¶ 13.) On or about November 1, 2008, Plaintiff was terminated from his employment

with CSU. (*See id.* ¶ 6.) Local 73 did not represent Plaintiff in conjunction with his claims arising from his termination by CSU. (*See id.* ¶ 6.) On May 4, 2009, Plaintiff filed charges against Local 73 with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), alleging that Local 73 failed to represent him on the basis of his gender and his disability. (*Id.* Ex. A at 1.) The EEOC issued a right-to-sue letter to Plaintiff on February 18, 2011. (*Id.*) Plaintiff filed his Complaint on May 18, 2011. (*Id.* ¶¶ 9, 12.)

On June 14, 2011, Dillard was appointed counsel. (Dkt. No. 7.) On July 12, 2011, Local 73 filed the Motion to Dismiss, and a briefing schedule regarding Local 73's Motion was set at an in-court status hearing on September 7, 2011. (Dkt. Nos. 14, 19.) Subsequently, Dillard filed three motions for extension of time to file his response, all of which were granted. (Dkt. Nos. 17, 20, 23.) On November 17, 2011, Dillard's counsel's motion to withdraw was granted, and Dillard was advised that no new counsel would be appointed. Dillard filed a *pro se* appearance on the same day. (Dkt. No. 29.) Local 73's Motion to Dismiss was continued to December 14, 2011. (Dkt. No. 29.)

At the status hearing on December 14, 2011, Dillard failed to appear, and a minute entry was entered, stating that if Dillard failed to appear at the next status hearing on January 17, 2012, his case would be dismissed for want of prosecution. (Dkt. No. 31.) On January 17, 2012, Dillard appeared and an amended briefing schedule was entered regarding Local 73's Motion to Dismiss. (Dkt. No. 32.) Dillard failed to file a response and the Court set a status hearing, requiring Dillard to appear on February 16, 2012. (Dkt. No. 33.) Dillard failed to appear at this status hearing. (Dkt. No. 34.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.
*Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal
notice pleading standards, "a plaintiff's complaint need only provide a short and plain
statement of the claim showing that the pleader is entitled to relief, sufficient to provide
the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526
F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a
motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most
favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all
reasonable inferences are construed in the plaintiff's favor. *Id*. However, a complaint
must allege "enough facts to state a claim to relief that is plausible on its face" to survive
a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a
claim to have facial plausibility, a plaintiff must plead "factual content that allows the
court to draw the reasonable inference that the defendant is liable for the misconduct
alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of
the elements of a cause of action, supported by mere conclusory statements, do not
suffice." *Id*. Further, the amount of factual allegations required to state a plausible claim
for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v.
Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

Dillard's failure to respond to Local 73's Motion operates as a waiver or
forfeiture. *Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) (where plaintiff "did
not present legal arguments or cite relevant authority to substantiate [his] claim in

responding to defendants' motion to dismiss," his "claim has been waived"); *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. Mar. 14, 2008). Dillard's failure to respond is a sufficient basis within itself to grant Local 73's Motion to Dismiss. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss . . . [plaintiff] forfeited her right to continue litigating her claim"); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir.1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citations omitted).

Local 73's Motion to Dismiss also succeeds on the merits. Dillard alleges that Local 73 breached the duty of fair representation. Union members may generally bring suit in federal court against a union for breaching the duty of fair representation. 29 U.S.C. § 185(a) (providing federal courts with jurisdiction over suits for violations of contracts between employers and labor organizations). However, states and political subdivisions thereof are specifically exempt from the definition of "employer." 29 U.S.C. § 152(2); *see also Strasburger v. Board of Education*, 143 F.3d. 351, 359-60 (7th Cir. 1998) (*Strasburger*). As a public university, CSU is a state agency and thus falls under the exception to the definition of "employer." *See* Public Community College Act, 110 ILCS 805, *et* seq. Because CSU is not an "employer" as defined by 29 U.S.C. § 152(2), it follows that Dillard is not an "employee." *See Strasburger*, 143 F.3d at 359. Since CSU is not an "employer" and Plaintiff is not an "employee," 29 U.S.C. § 185(a) provides no basis for federal jurisdiction. Accordingly, Dillard's claim for breach of the duty of fair representation must be dismissed.

Plaintiff's gender and disability discrimination claims with respect to the union's failure to represent must also be dismissed. Discrimination claims of this nature against a union require that the plaintiff satisfy three elements by a preponderance of the evidence: (1) the employer violated the collective-bargaining agreement between the union and employer; (2) the union breached its own duty of fair representation by not addressing the breach; and (3) some evidence shows an animus against the protected class. *Greenslade v. Chicago Sun-Times*, 112 F.3d 853, 866 (7th Cir. 1997). It cannot be determined whether Plaintiff meets the first element of the *Greenslade* test because Dillard did not attach the collective-bargaining agreement to his Complaint; however, Dillard has failed to satisfy the latter two elements. In support of his claims of discrimination, Dillard merely asserts that Local 73 failed to represent him when "harassment [arose]." (Compl. ¶ 13.) Dillard's Complaint is devoid of any further factual support for Dillard's claims. Dillard's conclusory assertion that Local 73 "failed to represent" him fails to state a claim upon which relief may be granted. *See Iqbal*, 129 S.Ct. at 1949. Similarly, Dillard has failed to meet the third element of the *Greenslade* test since he has provided no facts to show evidence of the union's alleged animus toward any protected class. *See Simms-Johnson v. Ill. Dep't of Human Servs.*, No. 10 C 548, 2010 WL 5018523, at *14-15 (N.D. Ill. Dec. 2, 2010). Because Dillard has failed to satisfy the second and third elements of the *Greenslade* test, his gender and disability discrimination claims must be dismissed.

Dillard's retaliation claim is also dismissed. "Generally, a Title VII plaintiff may bring only those claims that were included in her EEOC charge . . . or that are like or reasonably related to the allegations of the charge and growing out of such allegations."

*McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996). This policy is in place in order to allow the parties to settle the dispute out of court and to give the employer some notice of the conduct about which the employee is aggrieved. *Id.* at 481-82. Here, Dillard's EEOC charge includes only a failure-to-represent claim. Moreover, Dillard's retaliation claim is not "like or reasonably related" to the allegations in Dillard's EEOC charge, which relate only to his failure-to-represent claim. Accordingly, Dillard's retaliation claim is dismissed with prejudice.

In addition, Local 73's Motion is granted with prejudice as to Counts I and II. Despite requesting (and being granted) three extensions, Dillard failed to respond to Local 73's Motion to Dismiss. Under ordinary circumstances, a plaintiff is given leave to file an amended complaint if it is possible to rehabilitate any deficiencies discussed above. *See Foster v. DeLuca*, 545 F.3d 582, 584-85 (7th Cir. 2008). But in this case, Dillard's failure to respond to Local 73's Motion to Dismiss and failure to appear at two status hearings are treated as a forfeiture of his claims, as set out above.

Notwithstanding, any amendment by Dillard to his Complaint would be futile. First, there is no set of facts that Dillard could allege that would give rise to federal jurisdiction over his failure-to-represent claim against Local 73. Second, Dillard's discrimination claims are merely restyled claims against Local 73 for an alleged breach of the duty of fair representation, over which federal courts do not have jurisdiction. Accordingly, Dillard's claims are dismissed with prejudice.

**CONCLUSION**

For the reasons set forth above, Local 73's Motion to Dismiss [14] is granted in its entirety with prejudice; and this case is hereby terminated.

Date: 3-1-12

JOHN W. DARRAH
United States District Court Judge